IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL W. BERRYHILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 03-CV-213-TCK-SAJ |
| ) | |
| SAM CALBONE, Warden; ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

Before the Court is Petitioner's motion for relief from judgment pursuant to Rule 60(b)(6) (Dkt. # 30), filed in this matter on August 16, 2006. Petitioner is a state inmate, appearing *pro se*. For the reasons discussed below, the Court finds Petitioner's motion shall be denied.

By Order filed August 18, 2005 (Dkt. # 15), the Court denied Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner appealed that ruling to the Tenth Circuit Court of Appeals. By Order filed January 20, 2006 (Dkt. # 28), the Tenth Circuit denied a certificate of appealability and dismissed the appeal.

In the Rule 60(b)(6) motion before the Court, Petitioner seeks relief from the Court's Order denying his petition for writ of habeas corpus. Specifically, Petitioner challenges the Court's application of Stone v. Powell, 428 U.S. 465, 494 (1976), to preclude habeas corpus review of his Fourth Amendment claim. Petitioner asserts that he does not seek to raise a new claim but instead attacks an alleged defect in the integrity of this federal habeas proceeding. In Gonzalez v. Crosby, 125 S.Ct. 2641 (2005), the Supreme Court addressed the application of Fed. R. Civ. P. 60(b) in a habeas corpus action and determined that when a habeas petitioner seeks to advance a substantive

claim by filing a Rule 60(b) motion, the motion qualifies as a "second or successive petition." Id. at 2648. The Court explained that "[a] motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. However, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," a petitioner is not asserting a new claim and the motion should not be construed as a "second or successive petition." Id. In footnote 4 of the opinion, the Court noted that a petitioner is not making a new habeas claim "when he merely asserts that a previous ruling which precluded a merits determination was in error-- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id.

In this case, the Court held in its August 18, 2005, Order that because the state courts afforded Petitioner a full and fair opportunity to litigate his Fourth Amendment claims, this Court was precluded from considering the merits of those claims based on the holding of Stone. Since the Court never reached the merits of Petitioner's Fourth Amendment claims, his claim in the instant Rule 60(b)(6) motion that the Court erred in applying Stone is not a new habeas claim. Gonzalez, 125 S.Ct. at 2648. Therefore, the motion is not a "second or successive petition" and may proceed as a Rule 60(b)(6) motion seeking relief from the Court's August 18, 2005, Order.

A request for relief under Rule 60(b)(6) must meet two requirements in order to succeed. First, the request must be filed within a reasonable time. See Fed. R. Civ. P. 60(b). Second, relief may only be granted "'when it offends justice to deny such relief.'" Yapp v. Excel Corp., 186 F.3d

1222, 1232 (10th Cir. 1999) (quoting <u>Cashner v. Freedom Stores, Inc.</u>, 98 F.3d 572, 580 (10th Cir. 1996)). "Relief under Rule 60(b)(6) is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." <u>Cashner</u>, 98 F.3d at 580 (citation omitted). As indicated above, Petitioner relies on Fed. R. Civ. P. 60(b)(6) to argue that the Court erred in finding that habeas review of his Fourth Amendment claims was precluded by <u>Stone</u>. Petitioner filed his Rule 60(b)(6) motion a full year after this Court denied habeas relief. Assuming, *arguendo*, that the motion was filed within a reasonable time, nothing asserted by Petitioner in his Rule 60(b)(6) motion convinces the Court that the August 18, 2005, Order was marred by error. The Court remains convinced that the holding of <u>Stone</u> precludes habeas corpus review of Petitioner's Fourth Amendment claims. Under the facts of this case, the Court finds that extraordinary relief is not warranted. Petitioner's Rule 60(b)(6) motion for relief from judgment shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) (Dkt. # 30) is **denied**.

DATED THIS 22nd day of August, 2006.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE